**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 643-6677
Danielle Light, Esq.
*Counsel for Plaintiff Morris Family Investment Group, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MORRIS FAMILY INVESTMENT GROUP, LLC,            Case No.:  1:22-cv-105 (LEK/CFH)

**COMPLAINT**

Plaintiff,

-against -

NY REAL ESTATE MANAGEMENT LLC, JOHN DOE and JANE DOE, the last two names being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises described in the complaint,
                                             Defendants.
-------------------------------------------------------------------X

Morris Family Investment Group, LLC ("Morris Family" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as Hervey Sunshine Road and Sunshine Road, East Durham NY 12423 known on the Greene County Tax Map as Parcel No. 65.00-1-10.1 in the County of Greene and State of New York (the "Property").

## PARTIES

2. Morris Family is a limited liability company organized under the laws of the state of Arizona with its members residing in Arizona.

3. NY REAL ESTATE MANAGEMENT LLC ("NY Real Estate"), upon information and belief, is a single member limited liability company organized under the law of the State of New York. NY Real Estate is a necessary party defendant to this action because it is the owner of the record of the Property and the obligor under the terms of the Note.

4. Defendants, "JOHN DOE" and "JANE DOE", are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

5. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

8. On or about October 13, 2020, NY Real Estate, executed and delivered to Morris Family Investment Group, LLC c/o Funding Rush, Inc. (the "Lender") a Note evidencing a loan made to Lender in the principal amount of three hundred ninety-nine thousand dollars and zero cents ($399,000.00) with interest as provided therein. *See* **Exhibit A.**

9. On or about October 13, 2020, NY Real Estate executed and delivered to Morris Family Investment Group, LLC c/o Funding Rush, Inc. a mortgage evidencing a loan made to Lender in the principal amount three hundred ninety-nine thousand dollars and zero cents ($399,000.00) with interest mortgaging the Property as collateral security for the Note. *See* **Exhibit B**.

10. The mortgage was duly recorded in the Greene County City Register on March 30, 2021 with Document #M2021-1354.

11. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount NY Real Estate owes Lender or its successor-in-interest which fees shall become part of the sums secured. *See* **Exhibits A** and **B**.

12. Plaintiff is the current owner of the Note by virtue of its physical possession of the wet-ink Consolidated Note. Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits A** and **B**.

13. NY Real Estate defaulted under the terms of the Note and Mortgage for the payment due on May 1, 2021 (the "Default"). *See* **Exhibits A** and **B**.

14. Under the terms and conditions of the Note and Mortgage, the unpaid principal balance is $398,924.97, plus all other fees and charges that may apply pursuant to the Mortgage.

15. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency

of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

16. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

17. No other action is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

18. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies

4

properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law;

  b)  together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: February 3, 2022
   New York, New York

              By: */s/ Danielle Light*
                  Danielle Light, Esq.
                  *Attorneys for Plaintiff*
                  450 Seventh Avenue, Ste 1408
                  New York, New York 10123
                  dlight@hasbanilight.com
                  Tel: 212.643.6677